THE NATIONAL CITY BANK OF NEW YORK, Appellant, Respondent, *v.* CHARLES A. BERWIN, Respondent, Appellant, Impleaded with O. WALDEMAR JAEGER, Defendant.

First Department, April 6, 1934.

*Theodore B. Wolf* of counsel [*John J. Cohen* with him on the brief; *Zalkin & Cohen,* attorneys], for the plaintiff.

*Joseph A. Schiavone* of counsel [*W. Randolph Montgomery* with him on the brief; *Gregory, Stewart & Montgomery,* attorneys], for the defendant Berwin.

GLENNON, J.   This record presents a consolidation of two appeals by Charles A. Berwin, the defendant, as follows:

1. An appeal by the defendant, appellant, Charles A. Berwin, from an order made and entered in the office of the clerk of New York county on the 6th day of January, 1933, denying said defendant, appellant's motion for an order vacating the warrant of attachment granted herein.

2. An appeal by the said defendant, appellant, from so much of an order entered in the office of the clerk of New York county on the 24th day of January, 1933, as denies the defendant, appellant's motion for an order either (1) dismissing the alleged second cause of action set forth in the complaint on the ground that same does not state facts sufficient to constitute a cause of action, or (2) in the alternative, for judgment on the pleadings in favor of the plaintiff and against the said defendant, appellant, for nominal damages with the costs of this action to the defendant, appellant.

The plaintiff cross-appeals from so much of the order entered on the 24th day of January, 1933, as grants said defendant's motion to the extent of striking out the first cause of action alleged in the complaint, and fails to grant judgment on the pleadings in favor of the plaintiff.

This action was commenced by the issuance of a warrant of attachment and the service of a summons and complaint.   We do not believe that plaintiff has stated facts sufficient to constitute a cause of action, even in his second cause of action.   His cross-appeals, therefore, can be summarily disposed of, since what is labeled as a first cause of action is fatally defective.

The following facts are not disputed.   The defendants, together with Frank W. P. Jaeger and Charles C. Schmitt, were stockholders of a corporation known as Peter Schneider's Sons & Co., Inc.   The corporation made its promissory note dated August 17, 1931, to the order of the Bank of America National Association for $11,000. Jaeger and Schmitt indorsed the note for the accommodation of the corporation.   The note was subsequently transferred to the plaintiff, who is now the legal owner and holder thereof.   Two payments were made on account of the note, totaling $3,883.37, and the balance remains due and unpaid.   The note was protested at maturity and notice of protest was given to the indorsers.   Prior

to the execution and delivery of the note, an agreement in writing was entered into on December 15, 1930, between Frank W. P. Jaeger and Charles C. Schmitt, parties of the first part, and the defendants Charles A. Berwin and O. Waldemar Jaeger as parties of the second part.

Fundamentally the dispute in this case arises over a construction of the contract between these parties. If we are to construe it as an indemnification against liability, the remaining cause of action set forth in the complaint would be fundamentally sound. On the other hand, if it should be construed as an indemnity against loss, then on the facts set forth, the complaint should be dismissed for insufficiency. The question arises: Did Charles C. Schmitt have a cause of action growing out of the agreement entered into between these parties against the appellant Charles A. Berwin, on the 17th day of November, 1932? Our answer is that he did not. We reach that conclusion by giving to the words, which are to be found in the agreement, their ordinary, plain, customary meaning. The words the parties wrote are, in part, as follows: " Now, therefore, * * * it is hereby mutually agreed between the parties hereto, that the parties of the first part shall be indemnified, and the parties of the second part hereby agree to indemnify the said parties of the first part against any loss which the said parties of the first part may sustain by reason of and as a consequence of such endorsements as hereinafter provided.

" It is further agreed * * * that whatever loss the parties of the first part may sustain by reason of or as a consequence of such endorsements, shall be made good, and shall be shared by * * * the parties of the first part and * * * parties of the second part, in the same ratio or proportion as the number of shares * * * which each of the parties hereto may be the owner of at the time such loss is sustained, as the number of such shares may bear to the total number of shares of the corporation then outstanding."

It is clear that the indemnity is against loss. True, a judgment was entered against Schmitt on November 18, 1932, the day following the date that he made an assignment to the plaintiff of his claims against Berwin and Jaeger. It does not appear that Schmitt sustained any loss. It is not contended that Schmitt paid plaintiff anything on account of the judgment which was obtained against him. What loss did he sustain? Surely the parties never contemplated a loss of credit. What Berman and his codefendant agreed to do was to pay to Schmitt pursuant to the terms of the agreement the proportionate share which each owed in order that the loss " shall be made good."

It is futile for the plaintiff to argue that the contract between these parties is at least ambiguous and requires parol evidence to explain it. The difficulty is, as we pointed out, that the contract is clear and unambiguous. Likewise it is idle on the part of the bank to argue that the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268) would apply to the situation outlined by the parties in their pleadings. The agreement under discussion is not a benefit contract in any sense of the word. It is simply an agreement as we have stated to indemnify the parties of the first part against loss.

For the reasons herein assigned, therefore, this plaintiff had no cause of action at the time the suit was instituted, and, consequently, the warrant of attachment must fall, together with the second cause of action set forth in the complaint.

The orders entered the 6th day of January, 1933, and the 24th day of January, 1933, respectively, in so far as appealed from by defendant, should be reversed, with twenty dollars costs and disbursements, and the motions to dismiss the complaint and vacate the warrant of attachment granted, with ten dollars costs of each motion.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Orders so far as appealed from reversed, with twenty dollars costs and disbursements to the defendant, and the motions to dismiss the complaint and to vacate the warrant of attachment granted, with ten dollars costs of each motion.